IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMERA S. LECHNER, REGINA K. WHITE, and STEVEN D. GIFFORD individually, on behalf of the MUTUAL OF OMAHA 401(k) LONG-TERM SAVINGS PLAN and on behalf of a class of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, UNITED OF OMAHA LIFE INSURANCE COMPANY and JOHN DOES 1-50,<br><br>Defendants. | CASE NO. 8:18CV22<br><br>HON. JOSEPH F. BATAILLON<br>HON. CHERYL R. ZWART (MAG.)<br><br><br><br>**RULE 26(F) REPORT**<br>**(JOINTLY SUBMITTED)** |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

Counsel for Plaintiffs:

- Berger Montague (Todd S. Collins, Eric Lechtzin, Ellen Noteware)
- Schneider Wallace Cottrell Konecky Wotkyns LLP (Todd M. Schneider, Kyle G. Bates, James A. Bloom, Garrett W. Watkins, John J. Nestico)

Counsel for Defendants:

- Morgan, Lewis & Bockius LLP (Chris Boran and Matt Russell)

The parties discussed the case and jointly make the following report:[1]

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions. See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

If the case alleges an action for forfeiture, complete only sections **IV: Settlement**; **V. Consent to Final Resolution by a Magistrate Judge**; and **VI: Case Progression**.

**I.  INITIAL MATTERS:**

    A.    <u>Jurisdiction and Venue</u>:  As to the defendant(s) (mark all boxes that may apply).

        ☐    Jurisdiction is contested because _____.

        ☐    Venue is contested because _____.

        ☒    Neither jurisdiction nor venue are contested.

    B.    <u>Immunity</u>:  As to the defendant(s) (mark all boxes that may apply).

        ☐    An immunity defense has been raised by a defendant.

        ☐    An immunity defense will be raised, such defense to be raised on or before **Click here to enter a date.**.

        ☒    No immunity defense has or will be raised in this case.

    C.    Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

        ☒    Not applicable.

        ☐    The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

        ☐    Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

            ☐    before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: **Click here to enter a date.**.
Explain: _____.

            ☐    a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

            ☐    motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before **Click here to enter a date.**.

## II. CLAIMS AND DEFENSES:

### A. Claims:

Plaintiffs' First Amended Class Action Complaint (the "FAC") alleges that Defendants, who are fiduciaries of the Mutual of Omaha 401(k) Long-Term Savings Plan ("Plan"), engaged in self-dealing that harmed the Plan, its participants and its beneficiaries. Mutual of Omaha ("Mutual") misused its authority as the Plan's fiduciary to hire its subsidiary, United of Omaha ("United"); entered into a services contract called Separate Account K on the Plan's behalf; and chose the United-managed "Guaranteed Account" as an investment option in the Plan even though both services were grossly overpriced compared to comparable services. The compensation United received greatly exceeded both (i) the cost to United of providing the services (the standard reflected in federal regulations), and (ii) the market rate that should have been paid in an arms-length transaction had Mutual engaged in a prudent and loyal fiduciary process here not tainted by self-interest.

Count I of the FAC alleges that by hiring its own subsidiary and causing the Plan to pay that subsidiary more than reasonable compensation for its own benefit, Defendants breached ERISA's duties of loyalty and prudence. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A). Section 404(a)(1)(A) provides that a fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." Thus, fiduciaries must act with an "eye single" to the interests of participants, and "must exclude all selfish interest and all consideration of the interests of third persons." *Pegram v. Herdrich*, 530 U.S. 211, 224 and 235 (2000). ERISA's fiduciary duties "have been described as the highest known to the law." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009).

In addition to the general fiduciary duties, ERISA categorically bars certain "prohibited transactions." ERISA § 406(a)-(b), 29 U.S.C. § 1106(a)-(b). In particular, section 406(a) prohibits transactions between plans and "parties in interest" (both Mutual and United were indisputably parties in interest under ERISA § 2(14)). Section 406(b) prohibits transactions between plans and fiduciaries. ERISA only allows such transactions if they are inherently fair to the Plan. Here, Defendants' blatant self-dealing was unequivocally unfair to the Plan and, thus, barred by ERISA. Count II of the FAC alleges that Defendants engaged in transactions prohibited by ERISA § 406(a) & (b).

### B. Defenses:

Defendants are Mutual, United, and numerous unnamed "John Doe" defendants who Plaintiffs claim acted as fiduciaries under ERISA with respect to the Plan. Defendants categorically deny the claims asserted in the FAC. Any defendant who owed fiduciary

3

duties with respect to the Plan fully satisfied those obligations.[2]

First, United is not a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), with respect to the conduct alleged by Plaintiffs. Plaintiffs challenge the compensation United received for providing certain services to the Plan, which was negotiated in advance and was not subject to United's discretion or control. Another court in this district has reached this same conclusion with respect to offering United's Guaranteed Account. *Insinga v. United of Omaha Life Ins. Co.*, 2017 WL 6884626 (D. Neb. Oct. 26, 2017).

Second, no Plan fiduciary breached a duty of prudence or loyalty in administering the Plan or, in particular, by offering an array of unaffiliated investment options through a group annuity contract with United. ERISA's duty of prudence requires a plan fiduciary to act reasonably, measured against the "circumstances then prevailing." 29 U.S.C. § 1104(a)(1)(B). This flexible, objective standard is focused on the decision-making *process*, not the results of any particular decision. Here, Plan fiduciaries engaged in a thorough process for evaluating the options offered in the Plan and their associated costs. The result of this process was that Plan participants could choose from a diverse menu of funds spanning the risk/return spectrum, at a range of costs in line with those numerous courts have deemed reasonable as a matter of law. Nothing in the FAC—nor, Defendants submit, in the forthcoming evidentiary record—can sustain a claim that the Plan's fiduciaries acted unreasonably or in breach of ERISA's duty of prudence.

Plaintiffs' "disloyalty" claim fares no better. ERISA's duty of loyalty requires a fiduciary to act in the interest of participants. *See* 29 U.S.C. § 1104(a)(1). Unlike the duty of prudence, an alleged breach of this duty is evaluated subjectively, meaning Plaintiffs must prove Defendants acted to advance their own interests at the expense of the Plan and its participants. Nothing will evidence any improper motivation by Defendants. Plaintiffs' claims rest heavily on the fact that Mutual and United are affiliated, and that United received compensation for providing services to the Plan. Neither sustains a breach of duty under ERISA. Congress, the Department of Labor, and courts across the country recognize it is not improper for a plan sponsor to select investment options or services offered by an affiliate,[3] so long as doing so is also reasonable and prudent—precisely the

---

[2] In addition to the general description of Defendants' defenses to Plaintiffs' claims that follows, Defendants incorporate by reference all Additional Defenses set forth in their Answer as though restated in full here. *See* Dkt. No. 55, Answer, at 25-28.

[3] *See, e.g.*, 29 U.S.C. § 1108(b)(5) (allowing a plan sponsored by an insurance company to obtain such insurer's annuity contracts); *id.* § 1108(b)(8) (allowing a plan to invest in pooled investment funds of an insurance company); H.R. Conf. Rep. No. 93-1280 (Aug. 12, 1974), *reprinted in* 1974 U.S.C.C.A.N. 5,038, 5,096 (recognizing "common practice" of financial services companies making investment products available in their plans); *Meiners v. Wells Fargo & Co.*, 898 F.3d 820 (8th Cir. 2018) (affirming dismissal of challenges to proprietary funds); *Dupree v. Prudential Life Ins. Co. of Am.*, 2007 WL 2263892, at *7 (S.D. Fla. Aug. 10, 2007) ("It is standard practice for insurers that sponsor defined benefit pension plans to sell their own annuities to their plans."); Prohibited Transaction Exemption 77-3, 42 Fed. Reg. 18,734 (1977).

4

case here. Among other things, the record will show the Plan's fiduciaries were at all times attuned to the Plan's various costs and took repeated actions to ensure they remained reasonable, including (among other things) securing sizeable rebates and other favorable terms from United. Nor do Plaintiffs' allegations concerning the Guaranteed Account suggest "disloyalty." As the record will show, the Guaranteed Account was an attractive and well-performing capital preservation option, and there is no basis to conclude that Plan fiduciaries acted unlawfully by offering it in the Plan.

Third, Plaintiffs' "prohibited transaction" claims under ERISA § 406(a), 29 U.S.C. § 1106(a), fail for several reasons.[4] To start, they are untimely under ERISA's three-year statute of limitation and six-year statute of repose. 29 U.S.C. § 1113. Each "transaction" Plaintiffs challenge occurred well before January 25, 2012—six years before this suit was filed—and, in any event, Plaintiffs had "actual knowledge" of the "transactions" they now claim were prohibited more than three years before filing this lawsuit.

Untimeliness aside, the FAC's "prohibited transaction" claims also fail on their merits. ERISA § 406(a) prohibits a fiduciary from causing a plan to engage in certain transactions with a "party in interest"—"*[e]xcept as provided in section 1108.*" 29 U.S.C. § 1106(a) (emphasis added). Plaintiffs contend the Plan's fiduciaries violated § 406(a) by causing the Plan to enter into a group annuity contract with United, under which the Plan offered its menu of investment options. Among other flaws, Plaintiffs' claim fails because the transactions they challenge satisfy the exemptions expressly allowing such transactions, as set forth in ERISA § 408, 29 U.S.C. § 1108.

Indeed, the foundation of Plaintiffs' claim that United earned "excessive" fees is a misconception that ERISA bars United from receiving anything more than the actual costs incurred in offering the Plan's investment options under the Plan's group annuity contract. This is incorrect; Plaintiffs rely on an inapplicable prohibited-transaction exemption—ERISA § 408(b)(2), 29 U.S.C. § 1108(b)(2)—and associated regulations, 29 C.F.R. § 2550.408b-2(e). Rather, the Plan's use of United's group annuity contract is exempted from § 406 by, among other potentially applicable provisions, § 408(b)(5), 29 U.S.C. § 1108(b)(5), which allows a plan sponsored by an insurance company (like Mutual) to obtain such insurer's annuity contracts, if the plan pays no more than "adequate consideration." ERISA defines "adequate consideration" as the "fair market value of the asset as determined in good faith by the trustee or named fiduciary." *Id.* § 1002(18)(B). And that is precisely what the Plan paid here.

**III.   METHOD OF RESOLUTION**: Please indicate below how the parties anticipate that this case will be resolved.

  ☐  <u>Administrative record</u> review:

---

[4] Plaintiffs' description of their claims above refers to both ERISA § 406(a) and (b). Their Amended Complaint, however, contains no claim under ERISA § 406(b). *See* Dkt. No. 35, FAC, at ¶¶ 116-126 (asserting only a claim under § 406(a)). Defendants therefore address only the claim alleged in the Amended Complaint here.

5

☐     A party will request discovery.

☐     A party will not request discovery.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report. Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

☐     A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☐     <u>Cross-motions</u> for summary judgment and/or resolution on stipulated facts:

    ☐     A party will request discovery.

    ☐     A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before **Click here to enter a date.**.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

    ☐     A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☒     Trial**:**

    ☐     No party has timely demanded a jury trial.

    ☐     A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

    ☒     A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.
A motion to strike the jury demand will be filed no later than: **July 12, 2019**

    ☐     The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file

that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

**IV.    SETTLEMENT:**

Counsel state (mark all boxes that may apply):

☒    To date, there have been no efforts taken to resolve this dispute.

☐    Efforts have been taken to resolve this dispute

    ☐    prior to filing this lawsuit. Explain: _____.

    ☐    after filing this lawsuit, but before the filing of this report. Explain: _____.

☒    Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

    ☐    It is agreed:

        ☐    Mediation is appropriate at this time, and pending the outcome of those efforts,

            ☐    case progression should be stayed.

            ☐    case progression should not be stayed.

        ☒    Mediation may be appropriate in the future. Please explain when you believe mediation may be useful:

            After an initial round of written discovery, including exchanging initial disclosures and producing documents, the parties should be sufficiently informed about the merits of the claims and defenses, as well as potential damages, to engage in meaningful settlement negotiations. Such negotiations would be facilitated by retaining a private mediator who is experienced in resolving ERISA class actions.

        ☐    Mediation will not be appropriate.  Explain: _____.

        ☐    Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, or again discuss settlement, by **Click here to enter a date.**

7

☐ At least one party is not interested in exploring options for settling this case.

**V.   CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE**:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

☐ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

☒ At least one party does not currently consent.

**VI.   CASE PROGRESSION:**

A.   Initial mandatory disclosures required by Rule 26(a)(1).

☐ Have been completed.

☒ Will be completed by **March 1, 2019**

B.   Motions to amend the pleadings or to add parties.

☒ A plaintiff does anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Plaintiff(s) on or before **June 14, 2019**.

☐ A defendant **Choose an item.** Anticipates a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant (s) on or before **Click here to enter a date.**.

If more than 90 days are needed, explain why: _____.

C.   Discovery.

1)   As to written discovery under Rules 33, 34, and 36:

8

    a.    The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

        ☒    The parties do not anticipate any disputes over the number of discovery requests served.

        ☐    The parties believe a dispute may arise over the number of (mark all boxes that may apply):

            ☐    Interrogatories.
            ☐    Requests for Production.
            ☐    Requests for Admission.

If the parties anticipate a possible dispute over the number of written discovery requests, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

    b.    Written discovery will be completed[5] by **September 12, 2019**.

    c.    Motion to Compel written discovery responses will be filed by **September 26, 2019**.

2)    As to expert disclosures as required under Rule 26(a)(2):

    ☐    The parties do not anticipate calling experts to testify at trial.

    ☒    The parties anticipate calling experts to testify at trial, and

        a.    **Plaintiffs' expert reports** shall be served by **November 12, 2019**.[6]

        b.    **Defendants' rebuttal** expert reports shall be served by **January 13, 2019**.

---

[5] "Completed" means the discovery answers or responses to written discovery have been served. As such, written discovery must be served sufficiently in advance of the discovery completion deadline to afford the responding party the time permitted under the discovery rules to answer or respond.

[6] **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s), and they may include rebuttal expert deadlines.

        c.     Expert depositions shall be completed by **February 21, 2020**.

        d.     Motions to exclude expert testimony on *Daubert* and related grounds will be filed by **March 19, 2020**.

3)     As to deposition discovery under Rules 30 and 45:

    a.     The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is _____.

    b.     All depositions

        ☒     will be limited by Rule 30(d)(1).

        ☐     will be limited by Rule 30(d)(1), except as follows: _____.

    c.     All <u>non-expert</u> depositions, regardless of whether they are intended to be used at trial, will be completed by **October 25, 2019**.

4)     Protective Order:

    ☒     All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

        ☐     the parties hereby move the court to enter the court's standard protective order (see, Civil Case Management website page,

            ☐     with the court's standard Attorneys' Eyes Only provisions.

            ☐     with the court's standard HIPAA language permitting release of Protected Health Information.

        ☐     the parties hereby move the court to enter the proposed protective order attached to this report.

        ☒     the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the

        chambers of the magistrate judge assigned to the case.[7]

☐    At least one party believes a protective order will not be necessary in this case.

5) Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing discovery of **Privileged Information**, and they have discussed whether certain categories of documents, are presumptively privileged.

    ☒    The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

        ☒    Documents between legal counsel and clients created on or after **January 26, 2018**

        ☒    Documents maintained by consulting or testifying experts created on or after **January 31, 2019**.

        ☐    The following documents: _____.

    ☐    Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6) Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

    ☒    the parties do not anticipate a dispute over preservation, scope, and production of ESI.

---

[7] If a dispute exists over the need for a protective order, or the content of that order, the parties shall confer in good faith and if they cannot resolve the issue without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice.

11

☐ the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

7) Other special discovery provisions agreed to by the parties include: _____.

D. Dispositive Motions.

☐ The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

☒ A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

   a. as to the following claims and/or defenses:[8]

   **Plaintiffs** may move for summary judgment as to **Count I** (Breach of ERISA Duties of Loyalty and Prudence, ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), Self-Dealing Prohibited Transactions, ERISA § 406(b), 29 U.S.C. § 1106(b) Pursuant to ERISA § 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3)), and **Count II** (Prohibited Transactions with Parties in Interest, ERISA § 406(a), 29 U.S.C. § 1106(a) Pursuant to ERISA § 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3)).

   **Defendants** anticipate moving for summary judgment on all counts.

   b. such motions to be filed on or before **May 22, 2020**; responses to such motion shall be filed 45 days after the filing of any such motions; and replies in support shall be filed 21 days after the filing of any responses.

---

[8] As to forfeiture actions, dispositive motions on any "claims and/or defenses" include any motions to suppress.

  E. Other matters to which the parties stipulate and/or which the court should know or consider: _____.

  F. This case will be ready for trial before the court by: approximately two months after the Court rules on dispositive motions.

  G. The estimated length of trial is five (5) days.

**VII.** **CONFERENCING WITH THE COURT**:

  A. Initial Case Conference:

    ☐ At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

    ☒ All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties.

  B. Interim Status Conference:

    ☐ At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: (month/year).

    ☒ The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

**Reminder:** **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices, including those provisions discussing discovery of Electronically Stored Information and Privileged Information**.

Dated: **March 1, 2019.**

| | |
|---|---|
| */s/ James A. Bloom* | */s/ Matthew A. Russell* |
| Plaintiff(s) or Plaintiff(s)' Counsel | Defendant(s) or Defendant(s)' Counsel |

Todd M. Schneider
Kyle G. Bates
James A. Bloom
SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
kbates@schneiderwallace.com
jbloom@schneiderwallace.com

Garrett W. Wotkyns
John J. Nestico
SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP
8501 N. Scottsdale Rd., Suite 270
Scottsdale, Arizona 85253
Telephone: (480) 315-3841
Facsimile: (866) 505-8036
gwotkyns@schneiderwallace.com
jnestico@schneiderwallace.com

Todd S. Collins
Ellen T. Noteware
Eric Lechtzin
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
tcollins@bm.net
enoteware@bm.net
elechtzin@bm.net

*Attorneys for Plaintiffs*

Christopher J. Boran (*pro hac vice*)
Matthew A. Russell (*pro hac vice*)
Hillary E. August (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601
Tel.: 312-324-1000
Fax: 312-324-1001
christopher.boran@morganlewis.com
matthew.russell@morganlewis.com
hillary.august@morganlewis.com

Brian T. Ortelere (*pro hac vice*)
Jeremy P. Blumenfeld (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103
Tel.: 215-963-5000
Fax: 215-963-5001
brian.ortelere@morganlewis.com
jeremy.blumenfeld@morganlewis.com

Mark F. Enenbach (15202)
James J. Frost (16560)
MCGRATH, NORTH MULLIN & KRATZ, PC, LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102-1627
Tel.: 402-341-3070
Fax: 402-341-0216
menenbach@mcgrathnorth.com
jfrost@mcgrathnorth.com

*Attorneys for Mutual of Omaha Insurance Co. and United of Omaha Life Insurance Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ *James A. Bloom*
James A. Bloom