IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMERA S. LECHNER, REGINA K. WHITE, and STEVEN D. GIFFORD individually, on behalf of the MUTUAL OF OMAHA 401(k) LONG-TERM SAVINGS PLAN and on behalf of a class of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, UNITED OF OMAHA LIFE INSURANCE COMPANY and JOHN DOES 1-50,<br><br>Defendants. | CASE NO. 8:18CV22<br><br>HON. JOSEPH F. BATAILLON<br>HON. CHERYL R. ZWART (MAG.)<br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

Upon consideration of the parties' joint request for entry of a Protective Order, (Filing. No. 69), the Court hereby enters the following Stipulated Protective Order governing the disclosure and treatment of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1) **Purposes and Limitations**. Disclosure and discovery activity in this Action is most likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action may be warranted. Accordingly, the Parties hereby stipulate to, and request that the Court enter, the following Stipulated Protective Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable law.

2) **Definitions**. As used in this Order:

    a. <u>Action</u> refers to the above-captioned litigation.

b. Challenging Party:  a Party that challenges the designation of information or items under this Order.

c. Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

d. Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

e. Discovery Material: includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel, or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

f. Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Action.

g. In-House Counsel:  attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

h. Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

i. Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to the Action or have appeared in the Action on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

j. Party:  any party to this Action, including all of its officers, directors, and employees.

k. Producing Party:  a Party or Non-Party that produces Discovery Material in this Action.

l. Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

    demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

   m. <u>Protected Material</u>: any Discovery Material designated as "CONFIDENTIAL".

   n. <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party in this Action.

  3) **Scope.** This Protective Order applies to all Protected Material produced or obtained in this case, as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

  4) **Duration**. Even after Final Disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This Court will retain jurisdiction to enforce the terms of this Order following the Final Disposition of the Action.

  5) **Confidential Discovery Material**. For the purposes of this Protective Order, confidential Discovery Material shall include:

   a. Commercial information relating to any party's business including, but not

limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

b. Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

c. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

d. Medical or mental health information;

e. Records restricted or prohibited from disclosure by statute; and

f. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

6) **Manner and Timing of Confidential Designation**. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

a. <u>For documentary information</u> (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings):

i. the Producing Party shall affix the legend "CONFIDENTIAL" to each

page that contains Protected Material, or, in the case of native file production, in conformity with the Parties' Stipulated ESI Protocol, *see* Filing No. 70.

b. <u>For information produced in a form other than document form, and for any other tangible items</u>: the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

c. <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7) **Qualified Recipients.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to the following persons (hereinafter "Qualified Recipient"):

<u>For information designated as CONFIDENTIAL</u>:

a. The Parties, including any members, council members, officers, board members, directors, employees (including In-House Counsel) or other legal representatives of the Receiving Party;

b. The Receiving Party's Outside Counsel in the Action, as well as employees and contractors of such Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of the Action;

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action, including those who will be providing professional opinions or assistance for this Action based upon a review of the CONFIDENTIAL information, and the staff and assistants employed by the consulting or testifying experts, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit 1), which signed acknowledgment shall not be shown or produced to other parties except on a showing of good cause;

d. During their depositions, witnesses in the Action to whom disclosure is reasonably necessary and counsel for that witness;

   e. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit 1);

   f. The Parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

   g. Court reporters and their staff, including persons operating video recording equipment and persons preparing transcripts of testimony, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit 1);

   h. The court and its staff, including any court reporter or typist recording or transcribing hearings and testimony; and

   i. The author or any recipient of a document containing the information.

8) **Additional Parties to Litigation.** In the event additional parties are joined in this action, they shall not have access to Protected Material until the newly joined party, by its Counsel, has executed and, at the request of any party, filed with the court, its agreement to be fully bound by this Protective Order.

9) **Protected Material Subpoenaed or Ordered Produced in Other Litigation**. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as Protected Material, that Party must:

   a. promptly notify in writing the Designating Party and include in such notification a copy of the subpoena or court order;

   b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and must include a copy of this Order with the notification; and

   c. cooperate with respect to all reasonable procedures sought to be pursued

by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by an appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10) **Applicability of this Protective Order to Non-Parties**. The terms of this Order are applicable to information produced by Non-Parties in the Action and designated as CONFIDENTIAL. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.

    a. <u>Service of Order with Non-Party Discovery Request</u>. The Party issuing any subpoena or other discovery request on any Non-Party in this Action shall include with any such subpoena or discovery request a copy of this Order.
    b. <u>Request to a Party Seeking Non-Party Confidential Information</u>. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:
       i. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;
      ii. promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and
     iii. make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 10 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information. If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to

the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11) **Dissemination by the Receiving Party**. Counsel for the Receiving Party shall:

   a. Require Qualified Recipients who are expert witnesses and consultants and who receive Protected Material to review and agree to the terms of this Protective Order and execute a copy of the "Acknowledgement and Agreement to Be Bound," attached hereto as Exhibit 1, before receiving Protected Material.

   b. Instruct witnesses, consultants, and outside counsel who assist with case preparation or represent a witness that disclosure of Protected Material is prohibited as set forth herein.

12) **Duty as to Designations**. Each Producing Party that designates information or items as CONFIDENTIAL must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

13) **Limitations on Use**. A Receiving Party may use Protected Material disclosed and produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and not for any business or other purpose whatsoever.

14) **Maintaining Confidentiality.** Protected Material shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, each Qualified Recipient, and all counsel representing any party, shall use their best efforts to maintain all Protected Material in such a manner as to prevent access, even at a court hearing, by individuals who are not Qualified Recipients. Nothing

herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

15) **Copies.** Protected Material shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order of the court. However, nothing herein shall restrict a Qualified Recipient from loading confidential documents into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of Protected Material under the terms of this Protective Order.

16) **Filing of Protected Material.** All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the court for any purpose and that contain Protected Material shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file Discovery Material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

17) **Depositions.** The following procedures shall be followed at all depositions to protect the integrity of all Discovery Material designated as CONFIDENTIAL:

   a. Only Qualified Recipients may be present at a deposition in which such information is disclosed or discussed.

   b. Protected Material may be used at a nonparty deposition only if necessary to the testimony of the witness.

   c. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

   d. All deposition testimony which discloses or discusses information designated as CONFIDENTIAL is likewise deemed designated as Protected Material.

   e. All deposition testimony or testimony during other pretrial proceedings shall be treated as Protected Material for a period of 30 days from the date of receipt of Outside Counsel of a final transcript, during which a

Designating Party may identify the specific portions of testimony as to which protection is sought and specify the particular level of protection being asserted.  At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Order.  Alternatively, during that 30-day period, a Designating Party may, if appropriate, designate the entire transcript as Protected Material CONFIDENTIAL.  Any rough transcript that is generated before receipt by Outside Counsel of a final transcript also shall be treated during the 30-day period as if it had been designated as Protected Material in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

18) **Challenges to Confidentiality Designations**.

   a. <u>Meet and Confer</u>.  A Receiving Party that questions the Producing Party's confidentiality designation will contact the Producing Party and confer in good faith to resolve the dispute.  Such Challenging Party shall initiate this dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice shall recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or by telephone) within 14 days of the date of service of notice under this paragraph.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

   b. <u>Judicial Intervention for Confidentiality Designations</u>.  If the Parties are unable to resolve the challenge through the meet and confer process, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary, and the information in dispute must be reviewed by the court to resolve that motion, the Protected Material shall be filed under restricted access pursuant to the court's electronic docketing procedures. The party that produced the information designated as Protected Material bears the burden of proving it was properly designated. While any challenge pursuant to this paragraph is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled

under the Designating Party's designation, and the party challenging a designation of Protected Material must obtain a court order before disseminating the information to anyone other than Qualified Recipients. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

19) **Use at Court Hearings**. Subject to the Federal Rules of Evidence, Protected Material may be offered and received into evidence at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding. Any party may move the court for an order that Protected Material be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

20) **Return or Destruction of Documents.** Within 60 days after the Final Disposition of this Action, as defined above in this Order, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth above. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

**21) Miscellaneous.**

a. <u>Modification</u>**.** This Protective Order is entered without prejudice to the right of any party to ask the court to order additional protective provisions, or to modify, relax, or rescind any restrictions imposed by this Protective Order when convenience or necessity requires.  Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the court.

b. <u>Right to Assert Other Objections</u>.  No Party waives through entry of this Order any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

c. <u>Right of a Party to Use Its Own Documents</u>.  Nothing in this Order shall affect a Party's use or disclosure of its own documents in any way.

d. <u>Right of a Party to Use Independently Obtained Documents.</u>  Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material, or information obtained by such Party independent of formal discovery proceedings in this Action.

22) **Sanctions**.

a. Any Party subject to the obligations of this Order who is determined by the court to have violated its terms may be subject to sanctions imposed by the court under Rule 37 of the Federal Rules of Civil Procedure and the court's inherent power.

b. Confidentiality designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  Upon discovering that information was erroneously designated as Protected Material, the Producing Party shall promptly notify all other Parties of the improper designation.

23) **Disclosure of Privileged or Work Product Discovery Material**.

a. <u>No Waiver by Disclosure</u>.  This Paragraph 23 is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  If a Party or a subpoenaed Non-Party discloses information in connection with this Action that the Disclosing Party thereafter claims to be privileged or protected by the

attorney-client privilege or work-product protection ("Protected Information"), the disclosure of such Protected Information—whether disclosed inadvertently or otherwise—will not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

b. <u>Notification Requirements; Best Efforts of Receiving Party</u>. A Disclosing Party must promptly notify any Receiving Party that received Protected Information, in writing, that it has disclosed such Protected Information without intending a waiver or forfeiture by such disclosure and request that the documents or material be returned. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c) of this paragraph below—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of ESI, delete) the Protected Information and any reasonably accessible copies it has, and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information.

c. <u>Contesting Claim of Privilege or Work Product Protection</u>. If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within 10 business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

d. <u>Production of Protected Information Subject to the Fiduciary Exception</u>. The Parties acknowledge that, in the course of the litigation, there may be Protected Information that is produced based on the determination by the Producing Party that the Protected Information is subject to the fiduciary exception to the attorney-client privilege under ERISA. The parties agree that such production of Protected Information does not constitute a waiver or forfeiture—in this or any other action—of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

e. <u>Stipulated Time Periods</u>. The parties may stipulate to extend any time periods set forth in paragraphs (b) and (c) and (d).

f. <u>Attorney's Ethical Responsibilities</u>. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party such materials have been produced.

g. <u>Burden of Proving Privilege or Work-Product Protection</u>. The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information.

h. <u>*In camera* Review</u>. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

i. <u>Voluntary and Subject Matter Waiver</u>. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.

j. <u>Review</u>. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

April 9, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMERA S. LECHNER, REGINA K. WHITE, and STEVEN D. GIFFORD individually, on behalf of the MUTUAL OF OMAHA 401(k) LONG-TERM SAVINGS PLAN and on behalf of a class of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, UNITED OF OMAHA LIFE INSURANCE COMPANY and JOHN DOES 1-50,<br><br>Defendants. | **EXHIBIT 1** |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I declare under penalty of perjury that I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information and/or Protected Material as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order, and I promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order. I further agree to submit to the jurisdiction of the Court overseeing this case for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this case.

Date: _____

_____    _____
Printed Name                                             Signature