IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TAMERA S. LECHNER, Individually, on behalf of the Mutual of Omaha 401(k) Long-Term Savings Plan and on behalf of a class of all those similarly situated; REGINA K. WHITE, Individually, on behalf of the Mutual of Omaha 401(k) Long-Term Savings Plan and on behalf of a class of all those similarly situated; and STEVEN D. GIFFORD, Individually, on behalf of the Mutual of Omaha 401(k) Long-Term Savings Plan and on behalf of a class of all those similarly situated;

Plaintiffs,

vs.

MUTUAL OF OMAHA INSURANCE COMPANY, UNITED OF OMAHA LIFE INSURANCE COMPANY, and JOHN DOES 1-50,

Defendants.

8:18CV22

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiffs' unopposed motion for preliminary approval of a settlement and for certification of the proposed settlement class, Filing No. 101. This is a purported class action for breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

I. BACKGROUND

Plaintiffs Tamera S. Lechner, Regina K. White and Steven D. Gifford (collectively, "Plaintiffs" or "Named Plaintiffs"), individually and on behalf of all others similarly situated and on behalf of the Mutual of Omaha 401(k) Long-Term Savings Plan and the Mutual of Omaha 401(k) Retirement Savings Plan1 (the "Plans"), have asserted claims for alleged

1

violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), with respect to the Mutual of Omaha 401(k) Long-Term Savings Plan and the Mutual of Omaha 401(k) Retirement Savings Plan[1] (together, the "Plans") against defendants Mutual of Omaha Insurance Company ("Mutual of Omaha"), its wholly-owned subsidiary United of Omaha Insurance Company ("United") and the individual "John Doe" defendants who are current or former members of the Retirement Plans Administration Committee ("Administration Committee"), the Retirement Plans Investment Committee ("Investment Committee") and/or the Investment Manager Oversight Committee ("IMOC") (collectively referred to as "Mutual" or "Defendants").

Mutual and the named plaintiffs have entered into the Settlement Agreement to resolve all claims asserted in this ERISA lawsuit in exchange for a $6.7 million cash payment. The terms of the Settlement are set out in a Settlement Agreement executed on September 18, 2020 (the "Settlement Agreement"), which has been signed by Plaintiffs and their Counsel on behalf of the proposed Settlement Class and Defendants (collectively with Plaintiffs, the "Parties").[2] Filing No. 101-2 Exhibit 1, Settlement Agreement. The proposed "Settlement Class" is defined as

> All persons who are or were participants or beneficiaries in one or both of the Plans at any time during the Class Period, including any Beneficiary of a deceased person who participated in one or both of the Plans at any time during the Class Period, and/or Alternate Payee, in the case of a person

---

[1] At the time the lawsuit was initiated, the Mutual of Omaha Retirement Savings Plan did not yet exist. Effective January 1, 2019, the Long-Term Savings Plan was split into two plans with the split determined on whether participants were active participants in or excluded from the Mutual of Omaha Retirement Income Plan ("MORIP"), a defined benefit pension plan. Participants eligible for the MORIP remained in the Long-Term Savings Plan while non-eligible participants were transferred to the Mutual of Omaha 401(k) Retirement Savings Plan ("RSP"), a new defined contribution plan established by Mutual. Effective January 16, 2019, Long-Term Savings Plan investments in the amount of $339,231,855 were transferred from the Long-Term Savings Plan to the RSP. *See* Mutual of Omaha Long-Term Savings Plan, Form 5500 (2018), available at www.efast.dol.gov.

[2] Capitalized terms in this Order will have the same meaning and definition as in the Settlement Agreement.

2

> subject to a Qualified Domestic Relations Order who participated in one or both of the Plans at any time during the Class Period. Excluded from the Settlement Class are all current and/or former employees of Defendants who were members of the Administration Committee, Investment Committee, and/or IMOC during the Class Period.

*Id.* at § 2.9.

In their Amended Complaint, plaintiffs allege that Defendant Mutual of Omaha ("Mutual"), the Plans' sponsor and fiduciary, violated the duties of loyalty and prudence by selecting its affiliate, United, to provide administrative and investment services for the Plans. Defendants Mutual of Omaha and United provided investment options to the Plans through "Separate Account K," which is the principal vehicle through which Defendant United conducts its qualified retirement plan administration business. The Amended Complaint further alleges that Separate Account K includes many commonly available mutual funds as investment options for the Plans' participants. However, in addition to the ordinary investment management fees charged by the underlying fund managers, the Defendants charged the Plans and the Class Members significant additional fees (the "Markups") that other investors in those mutual funds do not pay.

Additionally, Plaintiffs allege that Defendants acted disloyally and in their own best interest, rather than the best interest of the Plans' participants, by selecting another United investment choice, the Guaranteed Account, a general account guaranteed interest product, rather than other non-proprietary general account products available in the market. Plaintiffs allege that these arrangements violated ERISA's fiduciary duty and prohibited transaction provisions.

The Defendants vigorously oppose and dispute these allegations. The defendants filed motions to dismiss both the original and amended complaints, and when those

3

motions were not granted, asserted various merits and affirmative defenses to the claims asserted in the Amended Complaint. Defendants state that they continue to believe that the plaintiffs' allegations are without merit that that Defendants have, at all times, acted in accordance with ERISA's requirements with respect to the Plans. The Parties have shown that defendants produced thousands of pages of documents and other data and information to the plaintiffs and the parties participated in private mediation and extensive arms-length negotiations over several weeks. *Id.* at 3. The parties have also produced evidence that proposed class counsel has extensive experience in class-action litigation. Filing No. 101-4, Exhibit 3, Declaration of Todd S. Collins.

II. LAW

    A. Class Certification

Before assessing whether the Settlement is within the range of reasonableness for the purposes of preliminary approval, the Court must conduct an independent class certification analysis. Fed. R. Civ. P. 23(b)(3). Under the Federal Rules of Civil Procedure, "one or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613 (1997) (describing requirements as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation). "In order to obtain class certification, a

plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt*, 40 F.3d 255, 258-59 (8th Cir.1994).

A number of factors are relevant to the numerosity requirement of Rule 23(a), "the most obvious of which is, of course, the number of persons in the proposed class." *Paxton v. Union Nat. Bank,* 688 F.2d 552, 559 (8th Cir. 1982). In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. *Paxton*, 688 F.2d at 559-60; *see also Tate v. Weyerhaeuser Co.,* 723 F.2d 598, 609 (8th Cir. 1983)(stating it is appropriate for the district court to consider "that trying the individual suits would not be inconvenient because it could examine the factual basis of" each class member's complaint).

The commonality requirement under Rule 23 "is satisfied when the legal question 'linking the class members is substantially related to the resolution of the litigation.'" *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995) (*quoting Paxton*, 688 F.2d at 561). Typicality under Rule 23(a)(3) means "that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977). The burden is fairly easily met so long as other class members have claims similar to the named plaintiff. *Id.* The "adequacy of representation" inquiry reflects concerns about whether the class representatives have common interests with the members of the class and whether they and their counsel will competently and vigorously pursue the lawsuit. *Hervey v. City of Little Rock*, 787 F.2d 1223, 1230 (8th Cir. 1986); *Paxton,* 688 F.2d at 562-63.

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Rule 23(b). *In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005). Rule 23(b)(3) provides that a class action may be maintained if the court finds the questions of law or fact common to members of the class predominate over the questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the dispute. *Id.*; Fed. R. Civ. P. 23(b)(3). The matters pertinent to the Rule 23(b)(3) inquiry include: the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

In addition to the Rule 23(a) and (b) requirements, "[a]n order certifying a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B). Under Fed. R. Civ. P. 23(g), the Court considers: (i) the work Class Counsel has done in identifying or investigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this Action; and (iv) the resources Class Counsel has committed to representing the class.

B.     Preliminary Approval

In considering preliminary approval, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice.  Manual of Complex Litigation (Fourth) ' 21.632 (2010); see also Fed. R. Civ. P. 23(e).  First, the court must make a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement and the date of the fairness hearing.  Id.  After an agreement is preliminarily approved, the second step of the process ensues:  notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval.  Id.

A district court is required to consider four factors in making a final determination that a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement.  *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005).  A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion."  Id. at 934.  The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved.  See *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995).  A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits.  See *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996).

A settlement must provide adequate notice to class members so that each can make an informed choice about whether to object. Rule 23(e)(1) provides that, in the event of a class settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by" the proposed settlement. Fed. R. Civ. P. 23(e)(1). To satisfy due process, the notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cen. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Courts have considerable discretion in approving an appropriate notice plan. Manual for Complex Litig. § 21.311 ("Determination of whether a given notification is reasonable under the circumstances of the case is discretionary.").

III. DISCUSSION

    A. Class Certification

The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rule of Civil Procedure 23 and due process have been met as to the Settlement Class. The Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria, and the more than 7,000 Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable. Based on the allegations and evidence before the Court, the Court preliminarily finds: that there are one or more questions of fact and/or law common to the Settlement Class; the plaintiffs" claims are typical of the claims of the Settlement Class; the plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those

of the Members of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting ERISA class actions of this type. The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1).

The Court further preliminarily finds the prosecution of separate actions by individual Members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests. The Court has considered the relevant factors and finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class.

Accordingly the Court finds it appropriate to preliminarily certify a class for settlement purposes under Federal Rule of Civil Procedure 23. The Court will enter an order of class certification in substantial conformity with the parties' proposal.

B. Preliminary Approval

The Court has reviewed the proposed settlement agreement, Filing No. 101-2, Class Action Settlement Agreement. Plaintiffs have also shown that the proposed settlement terms are fair, reasonable, and adequate and will result in significant benefits to the class and the plans, based on the claims and defenses in this action, its procedural

posture, the anticipated time and expense of protracted litigation, the complexity of an ERISA case, and the fact that the plaintiffs' claims were subject to multiple defenses and the plaintiffs faced a risk that they would be unable to prove defendants' liability or that a trier of fact would find either no damages or damages in a lower amount than the settlement provides.

The Settlement provides substantial monetary relief. It provides for a multi-million-dollar payment to the Plans for distribution to members of the Class. The Settlement Agreement provides for a cash payment of $6.7 million (the "Gross Settlement Amount") as compensation to the Class. *Id.*, § 2.25. The Gross Settlement Amount will also cover the administrative costs associated with implementing the Settlement; any applicable taxes or tax-related costs; any Case Contribution Award for Plaintiffs approved by the Court; the cost of an independent fiduciary retained to approve the terms of the Settlement on behalf of the Plans and the release by the Plans of claims made against Defendants; and any attorneys' fees and costs approved by the Court. *Id.*, § 2.2, 7.2. The remaining amount (the "Net Settlement Amount") will be distributed to members of the Class pursuant to the terms of the Settlement Agreement and the proposed Plan of Allocation, which is set forth in Article 6 of the Settlement Agreement. *Id.*, § 6.1. In the Settlement Agreement, the plaintiff class states it will petition Class the Court for Case Contribution Awards not to exceed $10,000 for each of the Named Plaintiffs in recognition of their service. *Id.* § 7.2. Class Counsel will also petition the Court for an award of attorneys' fees and litigation costs and expenses advanced and carried by Class Counsel for the duration of the litigation of an amount not to exceed one-third of the Gross Settlement Amount or $2,233,333. *Id.*, §§ 7.1-7.2.

The Court preliminarily finds that: (a) the proposed Settlement is the result of arm's-length negotiations; (b) the Settlement Agreement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

Additionally, the court also approves the proposed class notice. Filing No. 101-2, Settlement Agreement, Exhibit 4. Class Counsel will cause Class Members to be notified of the pendency of the Action and the proposed Settlement by causing the Settlement Notice to be mailed to all Class Members. The Settlement Administrator will also establish a website related to the Settlement, with the Notice featured on it, as well as a Settlement Information Line. The parties have shown that the procedure is designed to reach as many Class Members as reasonably practicable. The Settlement Notice fairly and adequately: (1) describes the terms and effect of the Stipulation and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement. The Court finds the proposed manner of communicating the notice to the Members of the Settlement Class is adequate and is the best notice plan practicable under the circumstances.

The proposed settlement between the plaintiff class and the defendants appears, on preliminary review, to be within the range of reasonableness and, accordingly, the

11

Court finds the unopposed motion should be granted and the proposed partial settlement should be submitted to class members for their consideration and a fairness hearing under Fed. R. Civ. P. 23(e), after which an order of final approval will issue. Accordingly,

IT IS ORDERED:

1. The plaintiffs' motion for preliminary approval of proposed partial settlement agreement and for certification of a settlement class (Filing No. 101) is granted.

2. An order of preliminary approval and class certification, in substantial conformity with the parties proposed settlement agreement (Filing No. 101-2, Ex. 1, Settlement Agreement) will issue this date.

Dated this 8th day of October 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge