IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMERA S. LECHNER, Individually, on behalf of the Mutual of Omaha 401(k) Long-Term Savings Plan and on behalf of a class of all those similarly situated; REGINA K. WHITE, Individually, on behalf of the Mutual of Omaha 401(k) Long-Term Savings Plan and on behalf of a class of all those similarly situated; and STEVEN D. GIFFORD, Individually, on behalf of the Mutual of Omaha 401(k) Long-Term Savings Plan and on behalf of a class of all those similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>Defendants. | 8:18CV22<br><br><br><br>FINAL ORDER OF APPROVAL OF CLASS-ACTION SETTLEMENT |

This matter is before the Court on the Plaintiffs' unopposed motion, Filing No. 104, for final approval of the Class Action Settlement Agreement dated September 18, 2020, Filing No. 101-2, Ex. A (hereinafter, the "Settlement Agreement") and on the plaintiffs' application for an award of attorney fees, Filing No. 105. This is an action for alleged violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the settlement Class.

1

The Court held a fairness hearing on the motion on February 1, 2021. Class counsel and counsel for the defendants appeared at the hearing by videoconference. No one appeared at the hearing to object to the settlement.

The Court finds as follows. For the reasons stated in its earlier order preliminarily certifying the class, the Court first finds the following non-opt-out class should be finally certified under Fed. R. Civ. P. 23(b)(1) for purposes of the Settlement Agreement:

> All persons who are or were participants or beneficiaries in one or both of the Mutual of Omaha 401(k) Long-Term Savings Plans and the Mutual of Omaha 401(k) Retirement Savings Plans (the "Plans") at any time during the Class Period, including any Beneficiary of a deceased person who participated in one or both of the Plans at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in one or both of the Plans at any time during the Class period. Excluded from this Class are all current and/or former employees of Defendants who were members of the Administration Committee, Investment Committee, and IMOC during the Class Period.

*See* Filing No. 102, Memorandum and Order.

In accordance with the Court's orders, and as reflected in the information from the Settlement Administrator, Settlement Notices were timely distributed by first-class mail and publication on the Settlement Website to all Class Members who could be identified with reasonable effort. Filing No. 108, status report at 1-2. Of the 12,655 class notices mailed to class members, 1027 (8.1%) were returned as undeliverable. *Id.* The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. *Id.*; Filing No. 108-1, Ex. A, Declaration of Michael Hamer ("Hamer Decl.") at 2-4. The administrator also set up a settlement website where class members could view information, and view and download documents. *Id.* at 3. The deadline for objecting to the settlement, as set out in the notice

was January 12, 2021. *Id.* The administrator has not received any objections to the settlement. *Id.* at 4.

The Court finds the form and methods of notifying the class members of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted the best notice plan practicable under the circumstances. See Filing No. 102, Memorandum and Order. The Court finds that due and sufficient notice of the fairness hearing and the rights of all class members have been provided to all people, powers, and entities entitled thereto. Filing No. 108, status report; Filing No. 108-1, Hamer Decl., Ex. A, notice. No objections to the Settlement Agreement were filed and no one appeared at the fairness hearing to object to the settlement.

In submissions to the Court, the plaintiffs have shown that: (1) the Settlement Agreement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator; (2) the settlement was negotiated only after class counsel had conducted a pre-settlement investigation and received extensive discovery and other pertinent information and documents from defendants; (3) the plaintiffs and the defendants were well positioned to evaluate the value of the Class Action; (4) if the Settlement Agreement had not been achieved, both the plaintiffs and the defendants faced the expense, risk, and uncertainty of extended litigation; (5) the amount of the settlement—$6,700,000—is fair, reasonable, and adequate and the gross settlement Amount is within the range of reasonable settlements that would have been appropriate in this case; (6) at all times, the class representatives have acted independently; (7) the class representatives and class counsel have concluded that the Settlement Agreement

is fair, reasonable, and adequate; (8) class members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court and there were no objections to the settlement.; and (9) the Settlement Agreement was reviewed by an independent fiduciary, Gallagher Fiduciary Advisors, LLC, who has approved the Settlement. See Filing No. 108, status report; Filing No. 108-1, Hamer Decl.; Filing No. 108-2, independent fiduciary letter; Filing No. 108-3, independent fiduciary report. For the reasons stated in its earlier order, and based on the above showing, the Court finds that the Settlement Agreement is fair, reasonable, and adequate. See Filing No. 103, Memorandum and Order.

The plaintiffs seek an award of fees and expenses in the amount of $2,233,333.00, or one-third of the Settlement Fund, and which includes both attorneys' fees, reimbursable expenses of $36,019.94, a fee of $15,000 to the independent fiduciary as provided in the Settlement Agreement and service awards in the amount of $10,000 each to class representatives to plaintiffs Tamera S. Lechner, Regina K. White and Stephen D. Gifford as the named Class Representatives. Filing No. 105. The plaintiffs' intention to move for those awards was disclosed in the Settlement Agreement, as well as the notice. Filing No. 101-1, Settlement Agreement at 10; Filing No. 108-1, Hamer Decl., Ex. A, notice at 5. The defendants agreed in the Settlement Agreement that they would not challenge an award as long as it did not exceed $2,233,333.00. Filing No. 101-1, Settlement Agreement at 10.

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnson v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the

4

responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyzing a request for attorney fees: (1) the "lodestar" methodology (multiplying the hours expended by an attorneys' reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation). *Johnston,* 83 F.3d at 244-45. It is within the court's discretion to decide which method to apply. *Id.* The percentage-of-recovery methodology has been approved in common-fund settlement class action cases. *See, e.g., In re US Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving an award of 36% of the settlement fund); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) (approving award of 24% of monetary compensation to the class). To recover fees from a common fund, attorneys must demonstrate that their services were of some benefit to the fund or that they enhanced the adversarial process. *In Re US Bancorp Litig.,* 291 F.3d at 1038.

  The plaintiffs have shown that they incurred fees for over 800 hours of work at rates of between $535.00 per hour and $970.00 per hour for attorneys and between $305 and $345.00 for paralegals. Filing No. 105-2, Declaration of Todd Schneider. They have also established litigation expenses in the amount of $36,019.94, which includes $14,316.00 for the Schneider firm and $15,000 for the independent fiduciary. *Id.*; Filing No. 104-2, Declaration of John J. Nestico ("Nestico Decl."). Further, the plaintiffs have shown that the lodestar amount of fees for their efforts is over 1.1 million dollars, representing a multiplier of 1.88, which is in line with other contingency fee awards

approved in this Circuit. Filing No. 104-2, Nestico Decl. at 2. They have also shown that the rates charged by class counsel are within the range of market rates for attorneys of their experience and expertise in cases of this nature. *Id.* Also, a fee request of one-third of the settlement amount is typical in ERISA class action litigation. Filing No. 108-3, independent fiduciary report at 5.

The Court further finds that plaintiffs have shown that incentive or case contribution awards in the amount of $10,000 to each of the named plaintiffs are fair and reasonable in light of their contributions. Awards in that amount are in line with other incentive awards in this type of case. The plaintiffs have shown they incurred reasonable expenses of $36,019 that are included in the attorney fee award. The defendants have no objection to the fees, expenses, or incentive award. The Court finds the amounts for incentives and expenses are reasonable and will be approved

The requested fees were disclosed in the notice of settlement and no class members have objected to the settlement or the motion for fees. The plaintiffs have demonstrated that counsel's services have benefitted the class. They have also shown that class counsel undertook significant risk of nonrecovery in prosecuting this action. The Court agrees with the independent fiduciary that the proposed attorneys' fee award and other sums to be paid from the total settlement amount are reasonable in light of the plan's likelihood of full recovery, the value of claims foregone and the risks and costs of litigation. Filing No. 108-3, Ex. C, independent fiduciary report at 3. The plaintiffs have achieved successful results and obtained a monetary benefit for the class. Based on its familiarity with the litigation, a fee of approximately 33% of the monetary benefits

recovered seems reasonable. The Court finds the fee request should be approved and will enter judgment in favor of the plaintiffs for the amount requested.

Pursuant to Fed. R. Civ. P. 23(e), the Court finds the parties' Settlement Agreement is a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action. The Court hereby approves the Settlement Agreement and will order that the Settlement Agreement be consummated and implemented in accordance with its terms and conditions. Accordingly, the Court finds the Plaintiffs' Motion for Final Approval of the Settlement Agreement should be granted.

IT IS ORDERED that

1. The Plaintiffs' Motion for Final Approval of the Settlement Agreement (Filing No. 104) is granted.

2. The Settlement of the Class Action (Filing No. 101-2) is approved and is incorporated herein by reference.

3. The Plaintiffs and Defendants are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

4. The Action and all Released Claims, whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plans, are hereby dismissed with prejudice and without costs to any of the Plaintiffs and Defendants, except as otherwise provided for in the Settlement Agreement.

5. Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i)

conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims, and (ii) barred and enjoined from suing any of the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

6. The Plans and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plans shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims, and (ii) barred and enjoined from suing any of the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plans or any Class Member on behalf of the Plans may thereafter discover facts in addition to or different from those which the Plans or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claims.

7. The Class Members and the Plans hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Members and the Plans with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

8. Each Class Member and the Plans shall release the Released Parties, Defense Counsel, and Class Counsel from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

9. The Court shall retain jurisdiction over this Action solely to enforce the Settlement Agreement, but such retention of jurisdiction shall not affect the finality of this Final Approval order and Judgment.

10. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current and Former Participant pursuant to the Plan of Allocation specified in Article 6 of the Settlement Agreement, which has been approved by the Court.

11. With respect to payments or distributions to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

12. Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plans of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution as required by Section 6.8 of the Settlement Agreement.

13. The plaintiffs' motion for an award of attorney fees, and approval of incentive awards, and litigation expenses in the total amount of $2,233,333.00 (Filing No. 105) is granted.

14. Class Counsel's attorneys' fees and expenses and Plaintiffs' incentive or case contribution award shall be paid pursuant to the timing requirements described in the Settlement Agreement.

15. The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of

Allocation that may hereafter be approved shall in no way disturb or affect this Final Order and shall be considered separate from this Final Order.

16. Upon the effective date of this Final Order, the Settling Parties, the Class Members, and the Plans shall be bound by the Settlement Agreement as amended and by this Final Approval Order.

17. A judgment for attorney fees, expenses, and incentive awards in the amount of $2,233,333.00 will be entered.

Dated this 8th day of February, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge